## BAILEY v. CONTINENTAL GIN CO.
### No. 7556.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1935.

Edgar A. Neely, of Atlanta, Ga., Francis W. Parker, of Chicago, Ill., and Will T. Gordon, of Washington, D. C., for appellant.

Robt. D. Johnston, Jr., Henry L. Jennings, and Ernest L. All, all of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

J. O. Bailey brought this suit against the Continental Gin Company to establish the validity of and his title to letters patent, No. 1,698,149, issued to him January 8, 1929, covering a machine and process for making continuous helicoids or conveyors, claiming to be the original and sole inventor; to enjoin infringement; for an accounting, for the recovery of triple damages, and for the destruction of the infringing machines and conveyors made therefrom. The bill alleged a conspiracy between defendant and O. B. Gardner, at one time employed by the Bailey-Burruss Manufacturing Company, a corporation of which plaintiff was president and a majority stockholder, to obtain information relative to plaintiff's invention while application for the patent was pending.

Defendant denied the conspiracy charged; denied infringement; alleged prior public use for more than two years of similar devices; alleged anticipation by some 22 prior patents; and denied the validity of Bailey's patent on various other grounds.

The District Court found that either O. B. Gardner or Thomas H. Orr or both had devised the machine described and claimed in the Bailey patent, and that Bailey was not the sole inventor. He also found that the patent was not infringed and found against the charge of conspiracy. A decree was entered dismissing the bill. This appeal followed.

As is not unusual in patent cases, a huge record has been built up, and both parties have filed voluminous briefs. It is unnecessary to review all the evidence. Except as to the question of whether, if Bailey was not the sole inventor, he was entitled to the patent, if the machine was invented by his employees, Gardner and Orr, there is no dispute as to the law.

In passing on the appeal, it is only necessary to consider and contrast the two machines in the light of the prior art. Bailey's patent covers a machine for the making of continuous helicoids, usually called spiral or screw conveyors. Machines made under the patent are practical and are in use for the purpose for which designed. In making the helicoids, a strip of sheet metal is fed into the machine and is converted into a spiral by cold rolling between two conical rollers. A third conical roller deflects the spiral out of the machine. Other features of the machine are unimportant in considering the question of infringement.

Letters patent No. 601,429, issued to Frank C. Caldwell on March 29, 1898, describe a machine designed to accomplish the same results in cold rolling of helicoids. In this machine only two conical rollers are used for the cold rolling of the spiral, and it is deflected out of the machine by guides, which may be adjusted, but are not revolving. Caldwell's invention was practical, and machines made thereunder have been used for the making of continuous helicoids for many years.

Defendant's machine is essentially the same as that described in the Caldwell patent, which has expired, and is available to the public. Defendant uses only two conical rollers and uses a guide to deflect the spiral out of the machine. There are other prior patents shown in the record that embody features of the Bailey machine, but we will not review them.

It is contended that the use of the third roller involved invention, and the guide used

by defendant is a mechanical equivalent. It is apparent that if the third conical roller used in Bailey's machine performs any function other than that of a guide, there is no infringement by defendant's machine. On the other hand, if it is simply a guide, the device was well known in the prior art, and the invention was anticipated by the Caldwell patent.

We express no opinion as to whether Bailey was the sole inventor of the machine described in his patent, or whether that honor was shared by Gardner and Orr, as we consider that immaterial. In all other respects, we concur in the findings of the District Court.

Affirmed.